**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**

| | |
|---|---|
| **KEETA R. FOX,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.** 3:23-CV-431-GNS |
| **v.** | ) |
| | ) |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY.** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1441 and 1446 The Lincoln National Life Insurance Company ("Lincoln"), hereby gives notice that it removes this state court action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky. In support of the instant Notice of Removal, Lincoln respectfully states unto the Court the following:

1. Plaintiff instituted this action against Lincoln on or about April 7, 2023, in the Circuit Court of Jefferson County, Kentucky as Civil Action No. 23-CI-02187.

2. Defendant Lincoln was served with this lawsuit on August 4, 2023. Copies of all process, pleadings, and orders received by Lincoln in this action prior to the filing of this Notice of Removal are attached hereto as Exhibit "A" and incorporated herein by this reference. Lincoln has not served any answer or responsive pleading to Plaintiff's Complaint, and Lincoln's Removal is filed within thirty (30) days of it being served with process and within one (1) year after commencement of the instant action, as allowed by 28 U.S.C. § 1446(b).

3. Plaintiff's civil action arises under the laws of the United States. Therefore, this Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

4. Plaintiff is seeking to recover long term disability benefits under 29 U.S.C. § 1132(a)(1)(B) (along with other damages) from a disability benefits plan, in which she was a participant by virtue of her employment with TransAmerica Corporation ("TransAmerica").[1] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA").[2] Defendant hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331. Moreover, Plaintiff has admitted federal court jurisdiction by virtue of bringing the claim specifically under ERISA.[3]

5. District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[4] This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee

---

1 *See* ¶¶ 2 and 4 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
2 *See* ¶¶ 2, 3, and 21 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
3 *See* ¶ 2 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
4 *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363, 2368 (2005).

pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

6. Plaintiff's claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

7. As noted above, Plaintiff is seeking to recover long term disability benefits (along with other damages) from a disability benefits plan, in which she was a participant by virtue of her employment with TransAmerica.[5] The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). The benefits sought by Plaintiff are sought from an ERISA plan. Therefore, the plan and an action for benefits under the plan are governed by ERISA, and Plaintiff references ERISA in the Complaint."[6] The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3). *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724 (1985); *Pilot Life Ins. Co. v. Dedeoux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as

[5] *See* ¶¶ 2 and 4 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".
[6] *See* ¶¶ 2, 3, and 21 of Plaintiff's Complaint, a copy of which is attached hereto as part of composite Exh. "A".

it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

8. Removal of this matter is timely pursuant to 28 U.S.C. § 1446. This Notice of Removal has been filed within thirty (30) days of service of process upon the removing party.

9. By filing this Notice of Removal, Lincoln does not waive its right to assert any defenses and/or objections to which it is entitled.

10. The Circuit Court of Jefferson County, Kentucky, is within the United States District Court for the Western District of Kentucky, Louisville Division, to which this action is removable.

11. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

12. By copy of this document and in accordance with the Certificate of Service, Lincoln is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Forthcoming)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all known counsel of record by Electronic Mail and US Priority Mail, Delivery Confirmation requested on the 18th day of August 2023.

Robert A. Florio, Esq.
1500 Story Avenue, Ste 2B
Louisville KY 40206
Email: rafloriooatty@hotmail.com

________________________________
Iwana Rademaekers