**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

---

| | | |
|---|---|---|
| **KEETA R. FOX** | : | |
| | : | |
| **PLAINTIFF** | : | **Civil Action No. 3:23CV-00431-GNS** |
| v. | : | CHIEF JUDGE GREG N. STIVERS |
| | : | |
| **LINCOLN NATIONAL LIFE INSURANCE CO.** | : | |
| | : | |
| **DEFENDANT** | : | |

---

**<u>ORDER</u>**

Pursuant to the Federal Rules of Civil Procedure, the Court hereby **ORDERS**:

1. **Magistrate Judge Colin H. Lindsay** will conduct a **<u>telephonic</u> Rule 16 Scheduling Conference** on **October 10, 2023, at 11:30 AM EST.** The conference will be conducted **telephonically. Counsel shall connect to the conference by dialing 1-888-808-6929 and entering access code 2773744. Counsel who will try the case shall participate in the conference.** Exceptions to this requirement shall be with the understanding that counsel who participate on behalf of any party (a) shall be fully prepared to discuss all aspects of the case with respect to the matters to be schedule, (b) shall be empowered to bind all counsel for that party with respect to dates agreed upon or ordered, and (c) shall have authority to enter into stipulations and to make admissions regarding all matters that the participants may reasonably anticipate may be discussed. Fed. R. Civ. P. 16(c) and (f).

Requests for a change of the conference date shall be made to the **case manager Theresa Burch at theresa_burch@kywd.uscourts.gov or at (502) 625-3546**, **no later than seven (7) days prior to the conference. No cell phone**

**participation will be permitted.**

2. The agenda for the conference shall include all of the items set forth in Rule 16(c), Federal Rules of Civil Procedure, including but not limited to:

a. The formulation and simplification of the issues.

b. Admissions of fact, stipulations and avoidance of cumulative evidence.

c. Consideration of the discovery plan and review of the automatic initial required disclosures.

d. The possibility of settlement or the use of alternative methods of dispute resolution, including mediation.

e. The need to adopt special procedures for managing potentially difficult or complex issues.

3. **No later than September 19, 2023,** counsel for the parties shall conduct the meeting of parties required by Rule 26(f) to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, the exchange of initial disclosures required by Rule 26(a)(1) and to develop a proposed litigation plan.

4. The parties shall discuss the following issues peculiar to ERISA cases and formulate a litigation plan accordingly:

a. Did the Plaintiff exhaust all available administrative procedures prior to filing this action?

b. Is this an action for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B)?

c. Are there also state law claims and if so, are they preempted? 29 U.S.C. § 1144

d. What standard must the Court employ in reviewing the Plan Administrator's denial of this benefits claim? Do the Plan documents reserve to the Plan Administrator discretionary authority to determine eligibility for benefits and to construe the terms of the Plan? Will the claim decision be reviewed pursuant to a *de novo* standard or must the Court affirm the

decision unless it constitutes an abuse of discretion? See Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989).

e. Regardless of the standard by which the Court must employ in reviewing the Plan, is the Court limited to the evidence before the Plan Administrator at the time of making the claims determination? See Miller v. Metropolitan Life Insurance Co., 925 F.2d 979 (6th Cir. 1991).

f. Is the Plaintiff entitled to a jury trial? See Bair v. General Motors Corp., 895 F.2d 1094 (6th Cir. 1990). If not, can this case be submitted on briefs?

g. What remedies are available to the Plaintiff under ERISA?

5. **No later than October 3, 2023,** counsel for the parties shall file a written joint report outlining the proposed discovery plan. This report shall advise the Court as to the following information:

a. the parties= views and proposals required by Rule 26(f);

b. the length of time counsel reasonably believes will be necessary to join other parties and to amend the pleadings;

c. the length of time counsel reasonably believes will be necessary to file dispositive motions; in setting a dispositive motion deadline, the Court will establish the same date for the filing of Daubert motions;

d. the length of time counsel reasonably believes will be necessary to complete all pretrial discovery, including expert witness discovery;

e. the length of time counsel reasonably believes will be necessary for the parties to make the expert disclosures required by Rule 26(a)(2), with these disclosures to be made during the pretrial discovery phase of the case;

f. the probable length of trial and whether there will be issues to submit to a jury; and

6. The joint report referred to in paragraph 5 should also contain a statement as to whether the parties have discussed referral of this case to the

United States Magistrate Judge for all purposes in the case, including trial, entry of a final judgment, and all post judgment proceedings, pursuant to Title 28 United States Code, Section 636(c) and Rule 73 of the Federal Rules of Civil Procedure and LR 73.1. (See Notice at Docket Number 9 on the Docket Sheet for consent form.)

7. If there is disagreement between the parties as to the specifics of the proposed litigation plan, the parties shall set out the nature of the disagreement in their joint report.

ENTERED BY ORDER OF COURT
CHIEF JUDGE GREG N. STIVERS
UNITED STATES DISTRICT COURT
JAMES J. VILT, JR., CLERK

Date: August 29, 2023

By: /s/ Traci J. Duff
Traci J. Duff, Deputy Clerk

Copies to: Counsel of record
Theresa Burch